UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

ROCKY AND LAURIE CLAYTON )   Main Case No.  09-03379-FLK13

Debtors.

ROCKY AND LAURIE CLAYTON )   Adversary No.  09-80167-FLK

Plaintiffs,

vs.

ROUNDUP FUNDING, LLC, )   MEMORANDUM DECISION

Defendant(s).

This matter is before the court on the motion for summary judgment filed by defendant Roundup Funding, LLC. The plaintiffs are Rocky and Laurie Clayton, and in their complaint, they ask the court to determine that a debt assigned to the defendant's parent company B-Line, LLC was discharged in Mr. Clayton's prior chapter 7 bankruptcy case. They further ask the court to rule that the defendant violated the injunctions of 11 U.S.C. §§ 362(a) and 524(a) by filing a claim for the discharged debt in the Claytons' current chapter 13 bankruptcy case. Defendant Roundup does not dispute that the debt was discharged in the prior chapter 7 case but it does dispute that its conduct violated the injunctions provided by sections 362 and 524. In its motion for summary judgment Roundup asks the court to dismiss the case with prejudice and deny all requests for attorney fees, costs and damages. The court decides that the filing of a proof of claim is not an act that violates either the section 362(a) or the section 524(a) injunction and, consequently grants Roundup's motion

for summary judgment.

In support of its motion for summary judgment, Roundup has submitted the affidavit of Steven G. Kane, the Operations Manager and Custodian of Records for defendant Roundup. In that affidavit, Mr. Kane describes the business of B-Line and its subsidiary Roundup. More specifically, he details how B-Line acquired the debt that is the subject of the Claytons' complaint and how it processed that debt in its business operation, ultimately assigning the debt to defendant Roundup. These facts are not disputed by the Claytons and the court accepts them for the purposes of the summary judgment motion.

Through its routine investigative procedures, B-Line and defendant Roundup learned that Mr. Clayton had filed a prior chapter 13 case, which was ultimately converted to a case under chapter 7, for which he received a discharge. During the pendency of that chapter 13 case, after the petition date and before its conversion to chapter 7, Mr. Clayton incurred the credit card debt that is the subject of the complaint. After the first chapter 13 case was converted to chapter 7, Mr. Clayton's schedules were not amended to add the credit card debt, so the credit card creditor did not receive notice of the conversion of the case from chapter 13 to chapter 7.

After Mr. Clayton received his chapter 7 discharge, the credit card creditor sold a portfolio of bankruptcy receivables, including Mr. Clayton's debt, to B-Line with the representation that the debts were not discharged in bankruptcy. B-Line assigned Mr. Clayton's credit card debt to Roundup. Assuming that the credit card debt had not been discharged in bankruptcy, Roundup filed a proof of claim in Mr. Clayton's current chapter 13 case. Through its investigative procedures, Roundup knew about Mr. Clayton's prior chapter 13 case, and its conversion to chapter 7 but Roundup determined that it could collect the credit card debt because the debt had been incurred after the petition date and because the debt had not been scheduled in the converted chapter 7 case. Roundup asserts that it was not aware that an account opened 2 years after the first bankruptcy filing but prior to the conversion of that case to chapter 7 might be discharged. In short, Roundup pleads that it acted in good faith and in ignorance of the law.

Neither B-Line nor Roundup contacted Mr. Clayton or his attorney. Likewise, neither Mr. Clayton nor his attorney contacted Roundup or B-Line regarding the proof of claim. In response to the filing of the proof of claim, the Claytons filed this adversary proceeding. In response to the adversary proceeding, Roundup withdrew its claim.

The court shall grant summary judgment if the pleadings, discovery materials, and any affidavits before the court show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c) made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056 provides: "a party seeking summary judgment always bears the initial responsibility of informing the...court of the basis for its motion, and...[must] demonstrate the absence of a genuine issue of material fact." Celotex Corp v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Courts review the evidentiary materials submitted in support of a motion for summary judgment to ensure that the motion is supported by evidence. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir. 1989).

11 U.S.C. § 727 provides a discharge for all prepetition debts, even unscheduled debts, provided the bankruptcy case is a no asset case and further provided the debts are otherwise dischargeable. Beezley v. California Land Title Co. (In re Beezley), 994 F.2d 1433 (9th Cir. 1993). This means that Mr. Clayton's unscheduled credit card debt was discharged in his prior chapter 7 case, even though it was incurred after his chapter 13 petition was filed and even though the creditor was unaware of the chapter 7 case because the debt was not scheduled. Roundup does not dispute that the debt assigned to it was discharged in the debtor's prior chapter 7 case.

Section 362(a) of the bankruptcy code provides that the filing of a bankruptcy petition operates to stay: (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action of proceeding against the debtor that was or could have been commenced before the commencement of the case... (6) any act to collect, access or recover a claim against the debtor that arose before the commencement of the case under this title.

-3-

The acts or conduct violating the stay, according to the Claytons, was the filing of a proof of claim in their current chapter 13 case. In order for the Claytons to receive relief under section 362(a), the act or conduct must have violated one or more of the provisions of section 362(a).

Section 362(k)(1) provides that "an individual injured by any willful violation of a stay provided in this section shall recover damages, including costs and attorney fees." It is the debtor's burden to establish (1) that the bankruptcy petition was filed, (2) that the debtors are individuals under the automatic stay provisions, (3) that the creditors received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages. Eskanos & Adler, P.C. v. Roman (In re Roman), 283 B.R. 1, 7-8 (9th Cir. BAP 2002). If a creditor knows that the automatic stay exists, the creditor bears the risk of all intentional acts that violate the automatic stay regardless of whether the creditor means to violate the automatic stay. Associated Credit Services, Inc. v. Campion (In re Campion), 294 B.R. 313, 318 (9th Cir. BAP 2003).

**Did Roundup violate the automatic stay by filing a proof of claim in Mr. Clayton's current chapter 13 case?**

As a general rule, the automatic stay of section 362 does not operate against the court with jurisdiction over the bankruptcy. This means that actions that are specifically permitted under the Bankruptcy Code do not violate the automatic stay. Arneson v. Farmers Insurance Exchange (In re Arneson), 282 B.R. 883, 893 (9th Cir. BAP 2002); Rein v. Providian Financial Corp., 270 F.3d 895, 904-905 (9th Cir. 2001). For example, a creditor can file an adversary lawsuit seeking to establish the amount and dischargeability of a debt, even though the act would otherwise be regarded as a violation of the stay. Likewise a creditor can file a claim for a disputed debt, without violating the automatic stay, even if the claim is ultimately disallowed. Campbell v. Countrywide Home Loans Inc., 545 F.3d 348, 354 (5th Cir. 2008); Zotow v. Johnson (In re Zotow), 432 B.R. 252, 257-8 (9th Cir. BAP 2010); and In re Sammon, 253 B.R. 672, 680-81 (Bankr. D.S.C. 2000).

Roundup cites a number of cases embodying the legal principle that section 362(a) does not

-4-

stay actions specifically authorized elsewhere in the Bankruptcy Code. With the exception of In re Surprise, 342 B.R. 119 (Bankr. N.D.N.Y. 2006), these cases do not involve a discharged debt, and for that reason, may be factually distinguishable. Unlike the acts that are the subject of those cases, the collection of a discharged debt is an act prohibited by the section 524(a) discharge injunction. Roundup contends that a discharged debt is like a debt barred by the statute of limitations, simply a disputed debt, to which the debtor may object. Roundup further argues that it may file claims for disputed and unenforceable debts so long as it limits its conduct to procedures authorized by the Code. Arguably a discharged debt is similar to a debt barred by the statute of limitations. In both cases, the debts are not extinguished, but their collection by future legal proceedings is barred by statute.

In Surprise, a secured creditor repossessed a vehicle belonging to a chapter 13 debtor, who was also a debtor in a prior chapter 7. Id. at 120-121. Like the case before this court, the creditor filed a claim in the debtors' chapter 13 case for a debt that had been scheduled and discharged in a prior chapter 7 case. The Surprise court dismissed the debtor's claim for damages pursuant to section 362(a) and section 524(a), reasoning that the filing of a proof of claim does not constitute a violation of either the automatic or discharge injunction. Rather, the court stated the appropriate remedy available to the debtor was to have filed an objection to the creditor's proof of claim in the chapter 13 case. Id. at 122.

As previously stated, the Claytons bear the burden of demonstrating that Roundup's conduct violated one or more of the provisions of section 362(a). In addition to protecting property of the estate, section 362 prohibits all acts to collect prepetition debts against the debtor or property of the debtor. Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc), 912 F.2d 1162, 1166 (9th Cir. 1990). Filing a claim in a subsequent chapter 13 case, even a claim for a discharged debt, is not an act that personally targets the debtor or the debtor's property. Rather, its purpose is to obtain a distribution from the chapter 13 bankruptcy estate. The language of the section 362(a) injunction does not encompass this act. Moreover, the Bankruptcy Code allows creditors to assert any claim, even a claim that is contingent, unmatured, or disputed. 11 U.S.C. §§ 101(5), 501(a). If a creditor

-5-

files a claim that is disputed and unenforceable, the Code authorizes the debtors to object to the claim. 11 U.S.C. § 502. And, in appropriate circumstances, other remedies may be available. Fed. R. Bankr.P. 9011; In re Andrews, 394 B.R. 384, 387-88 (Bankr. E.D.N.C. 2008). For these reasons, the court concludes Roundup did not violate the automatic stay by filing a proof of claim in Mr. Clayton's current chapter 13 case.

**Did Roundup violate the discharge injunction of section 524(a) by filing a proof of claim in Mr. Clayton's chapter 13 case?**

Much like the automatic stay, the discharge injunction of section 524(a)(2) enjoins creditors from attempting to collect from the debtor or from the debtor's assets any debts that have been discharged. 11 U.S.C. § 524(a)(2). Watson v. Shandell (In re Watson), 192 B.R. 739, 749 (9th Cir. BAP 1996). A violation of the discharge injunction is punished by contempt of court. Espinosa v. United Student Aid Funds, Inc. (In re Espinosa), 553 F.3d 1193, 1200 (9th Cir. 2008) affirmed 130 S.Ct. 1367 (U.S. 2010). To justify sanctions, the moving party must prove that the creditor (1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction. Zilog, Inc. v. Corning (In re Zilog, Inc.), 450 F.3d 996, 107 (9th Cir. 2006). "The standard for finding a party in civil contempt is well settled: the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999). If the Claytons satisfy their burden of proof, this court can impose upon Roundup sanctions for civil contempt, which may consist of remedial and compensatory, but not punitive, sanctions. Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1193 (9th Cir. 2003).

Initially the court must address whether Roundup knew the discharge injunction was applicable, which is the first element of the Claytons' claim against Roundup for violation of the discharge injunction. Roundup is a national organization that purchases bankruptcy receivables, for

-6-

09-80167-FLK    Doc 25    Filed 10/12/10    Entered 10/12/10 08:25:42    Pg 6 of 9

which it files proofs of claims. Because Roundup deals in large volumes, it has established appropriate procedures for acquiring relevant information about the receivables that it has purchased. Before it filed it's claim in the Claytons' chapter 13 case, Roundup knew about Mr. Clayton's prior bankruptcy cases and the petition, conversion, and discharge dates. Roundup also knew that the credit card debt assigned to it was incurred after the petition date but prior to the discharge date. Roundup decided to file a claim because it determined that the unscheduled debt was not discharged. In Roundup's words: "although defendant was aware of the discharge injunction from the chapter 7 bankruptcy case in 2005, defendant did not know about 11 U.S.C. § 348, in which debts incurred post petition but prior to conversion to chapter 7 are automatically discharged without further notice."

Roundup's defense is honest but futile. Receipt of notice of the debtor's discharge is sufficient to establish the knowledge element of the Claytons' claim. The intent of Roundup is irrelevant. "A creditor is not free to violate the discharge injunction because it has doubts as to the validity of the discharge." Espinosa, 553 F.3d at 1205 n. 7. Here, Roundup concedes that it had actual knowledge of the discharge injunction but pleads that it did not intend to violate the injunction and offers its ignorance of the law as an excuse. Actual knowledge of the injunction and a volitional act that violates the injunction is sufficient to trigger sanctions. Hardy v. United States (In re Hardy), 97 F.3d 1384, 1390 (11th Cir. 1996).

The crucial question is whether the act of filing a proof of claim violates the injunction. Roundup responds to the Claytons' claim under section 524(a) with the identical arguments that it asserted against their section 362(a) claim. The section 524(a) injunction prohibits only activities outside of the bankruptcy court. In Roundup's words, "**... the Bankruptcy Code permits creditors to file claims that are disputed and unenforceable claims for any reason, because the debtors have the affirmative duty to decide which claims to present to the bankruptcy court in an objection to claim proceeding.**" (emphasis in original). The Court questions the scope and even the validity of this assertion. See B-Real, LLC. v. Chaussee (In re Chaussee), 399 B.R. 225, 240 (9th Cir. BAP 2008). Section 524(a) ensures that a discharge will be effective by protecting the debtor

-7-

and the debtor's post discharge property from the collection of discharged debts. Post petition property, such as the debtor's earnings, could be the very property that becomes the property of the subsequent bankruptcy estate. The court is troubled by the proposition that this property loses the protection of the discharge injunction, once it becomes property of a subsequent bankruptcy estate. In this regard the court emphasizes that section 524(a) provides for broad protection against not only legal proceedings, but also other acts to collect a discharged debt as a personal liability of the debtor. 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 524.02 [2] 16th ed. 2010.

Despite these reservations, the court concludes its analysis of the Claytons' section 362(a) claim is applicable to their claim for violation of the discharge injunction. In order for the court to find that there was a violation of the injunction, the Claytons must establish the violation of a specific court order. Like the section 362(a) injunction, the language of the section 524(a) injunction does not encompass the act of filing a claim against a bankruptcy estate. Additionally, if a creditor files a disputed and unenforceable claim, the Bankruptcy Code authorizes the debtor to object to the claim. If a creditor files a claim that abuses the judicial process, bankruptcy courts have both statutory and inherent authority to sanction the conduct. 11 U.S.C. § 105(a); In re Chaussee, 399 B.R. at 240; and Countrywide Homes Inc. v. McDermott, 426 B.R. 267, 274 (N.D. Ohio 2010). For the same reasons stated in the previous section, the court concludes Roundup did not violate the discharge injunction of section 524(a) by filing a proof of claim in Mr. Clayton's Chapter 13 bankruptcy case.

In summary, this court has jurisdiction over the debtors' claims that the creditor violated the injunctions provided by sections 362(a) and 524(a). 28 U.S.C.A. §§ 1257, 1334(b). The court concludes that defendant Roundup has satisfied it's burden of proof under Rule 56(c) that there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. The court decides Roundup did not violate the automatic stay by filing a proof of claim in Mr. Clayton's current Chapter 13 case. Accordingly the Claytons' claim for violation of the automatic stay is dismissed. Likewise, the court concludes that defendant Roundup has satisfied it's burden of proof under Rule 56(c) that there is no genuine issue of material fact and the defendant is entitled to

-8-

judgment as a matter of law holding Roundup did not violate the discharge injunction of section 524(a). The Claytons' claim for violation of the discharge injunction is dismissed. For the reasons stated in this opinion, Roundup's motion for summary judgment is granted.

Done this 12 day of October, 2010

_____
FRANK L. KURTZ
BANKRUPTCY JUDGE

09-80167-FLK    Doc 25    Filed 10/12/10    Entered 10/12/10 08:25:42    Pg 9 of 9